R. Gibson Pagter, Jr., CA SBN 116450
Misty Perry Isaacson, CA SBN 193204
**PAGTER AND MILLER**
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92705
Telephone: (714) 541-6072
Facsimile;   (714) 541-6897
Email: gibson@pagterandmiller.com
Email: misty@pagterandmiller.com

Attorneys for American Contractors Indemnity Company



**FILED & ENTERED**

**SEP 18 2013**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY penning   DEPUTY CLERK**

# IN THE UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MARIA DORADO,<br><br>                              Debtor.<br><br>AMERICAN CONTRACTORS INDEMNITY COMPANY,<br>                              Plaintiff,<br>v.<br>MARIA DORADO,<br>                              Defendant. | Case No. 2:12-bk-18764-TD<br><br>Adversary No. 2:12-ap-01777-TD<br><br>Chapter 7<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT MARIA DORADO**<br><br>Date:  May 23, 2013<br>Time:  11:00 a.m.<br>Ctrm:  1345 |

American Contractors Indemnity Company (the "Plaintiff" or "ACIC"), acting through its counsel of record in this matter, hereby submits its Statement of Uncontroverted Facts and Conclusions of Law in Support of its Motion for Summary

1

Pagter and Miller
525 N Cabrillo Pk Dr
Suite 104
Santa Ana, CA 92701
(714) 541-6072

c:\documents and settings\pennington\local settings\temp\order#217004#c2225909-afec-4fca-83a6-1f24728d1100.docx

Judgment pursuant to Local Bankruptcy Rules 9013-1 and 7056-1 . Any of the following statements of fact, which are deemed to constitute conclusions of law are hereby adopted as conclusions of law; any of the following conclusions of law, which are deemed to constitute statements of fact are hereby adopted as statements of fact.

## UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Dorado is an individual who filed her voluntary Chapter 13 Petition on March 12, 2012 (the "Petition Date"). | • [*See* Declaration of Misty Perry Isaacson (the "Isaacson Declaration") paragraph 2. ] |
| 2. ACIC is a surety company licensed to do business in California. | • [*See* Declaration of Patty Lei Chen (the "Chen Declaration") paragraph 3.] |
| 3. Efren Dorado ("Efren") married Debtor on or about November 28, 1992. Two children were born to Efren and Debtor during their marriage. A Judgment of Dissolution was entered on or about January 17, 2007. | • [*See* Chen Declaration paragraph 4.] |
| 4. Efren died intestate on or about February 2, 2007. At the time of Efren's death he was unmarried. Efren and Debtor's children were the only surviving issue of Efren and, therefore, the only heirs of his estate. | • [*See* Chen Declaration paragraph 5.] |
| 5. A probate estate proceeding for Efren ("Probate Estate") was filed on March 13, 2007 in the Superior Court of California, County of Los Angeles, Case No. VP011458 ("LASC Probate Case"). | • [*See* Chen Declaration paragraph 6.] |
| 6. On March 20, 2007, Debtor was appointed Special Administrator of the Probate Estate, conditioned on the posting of a probate bond in the penal sum of $150,000. On that same date ACIC issued its probate bond (No. 437576) in the penal sum of $150,000 ("Special Administrator Bond"), for and on behalf of the Probate Estate concerning Debtor's conduct while Administrator of the same | • [*See* Exhibit 1; Chen Declaration paragraph 7.] |
| 7. A separate guardianship estate proceeding was also filed concerning | • [*See* Chen Declaration paragraph 8.] |

Pagter and Miller
525 N Cabrillo Pk Dr
Suite 104
Santa Ana, CA
92701
(714) 541-6072

2

c:\documents and settings\pennington\local settings\temp\order#217004#c2225909-afec-4fca-83a6-1f24728d1100.docx

| | |
|---|---|
| Debtor's minor children ("Guardianship Estates") in the Superior Court of California, County of Los Angeles, Case No. VP011460 ("LASC Guardianship Case"). | |
| 8.    On March 20, 2007, Defendant was appointed temporary guardian ("Temporary Guardian") of the Guardianship Estates of her minor children, conditioned on the posting of a fiduciary bond in the penal sum of $100,000.  On that same date ACIC issued its fiduciary bond (No. 437577) in the penal sum of $100,000 ("Temporary Guardian Bond"), for and on behalf of the Guardianship Estates concerning Debtor's conduct while Temporary Guardian of the same. | • [*See* Exhibit 2; Chen Declaration paragraph 9.] |
| 9.    On May 22, 2007 Debtor was subsequently appointed Administrator of the Probate Estate with limited Independent Administration of Estates Act ("IAEA") powers ("Administrator"), conditioned upon the posting of a $250,000 probate bond.  On June 4, 2007. ACIC issued its probate bond (No. 438743) in the penal sum of $250,000 ("Administrator Bond"), for and on behalf of the Probate Estate concerning Debtor's conduct while Administrator of the same. | • [*See* Exhibit 3; Chen Declaration paragraph 10.] |
| 10.    On May 22, 2007, Defendant was appointed the permanent guardian of the Guardianship Estates of her minor children ("Guardian"), conditioned on the posting of a subsequent fiduciary bond in the penal sum of $100,000.  On June 4, 2007, ACIC issued its fiduciary bond (No. 438744) in the penal sum of $100,000 ("Guardian Bond"), for and on behalf of the Guardianship Estate concerning Debtor's conduct while Guardian of the same. | • [*See* Exhibit 4; Chen Declaration paragraph 11.] |
| 11.    On or about August 19, 2008, the LASC suspended Debtor's duties as the Administrator of the Probate Estate and Guardian of the Guardianship Estates.  Contemporaneously with Debtor's suspension, Wendy Hatch ("Hatch"), a | • [*See* Chen Declaration paragraph 12.] |

Pagter and Miller
525 N Cabrillo Pk Dr
Suite 104
Santa Ana, CA
92701
(714) 541-6072

3

c:\documents and settings\pennington\local settings\temp\order#217004#c2225909-afec-4fca-83a6-1f24728d1100.docx

| | |
|---|---|
| private professional fiduciary was appointed Special Administrator of the Probate Estate and Temporary Guardian of the Guardianship Estate.  Thereafter on January 6, 2009, the LASC appointed Hatch as the Successor Administrator of the Probate Estate and the Successor Guardian of the Guardianship Estate. | |
| 12.    The LASC ordered Debtor to file accountings as both Administrator and Guardian.  She did so.  Both Hatch and Guardian <u>Ad</u> <u>Litem</u> for the minor children, Daniel Wilson ("Wilson") filed objections to same, asserting various breaches of Debtor's fiduciary duties. | • [*See* Chen Declaration paragraph 13.] |
| 13.    Months of contentious litigation ensued concerning a litany of alleged improper transactions by Debtor, including but not limited to her withdrawals plus dissipation of no less than $292,000 from the Guardianship Estate bank accounts, without notice or prior court approval. | • [*See* Chen Declaration paragraph14.] |
| 14.    In lieu of continued litigation regarding the propriety of Debtor's actions as a fiduciary to the two estates, the parties stipulated to resolve all claims between them arising out of the actions and omissions of the Debtor as both Guardian and Administrator.  On February 18, 2010, a Stipulation for Good Faith Settlement and Petition for Approval of Same ("Stipulation") was filed in the LASC Probate and LASC Guardianship Cases. | • [*See* Exhibit 5; Chen Declaration paragraph 15.] |
| 15.    The Stipulation provided that due to Debtor's breach of her fiduciary duties to the Guardianship Estate and the Probate Estate, the LASC would surcharge Defendant and enter  bond judgments against Debtor and ACIC, jointly and severally in favor of Hatch, as follows ("Bond Judgment"):<br>          i. $25,000, as the Successor Guardian, to the Guardianship Estate; and<br>          ii. $20,000, as the Successor | • [*See* Exhibit 6; Chen Declaration paragraph 16.] |

Pagter and Miller
525 N Cabrillo Pk Dr
Suite 104
Santa Ana, CA
92701
(714) 541-6072

4

c:\documents and settings\pennington\local settings\temp\order#217004#c2225909-afec-4fca-83a6-1f24728d1100.docx

| | |
|---|---|
| Administrator, to the Probate Estate. | |
| 16. On April 1, 2010, the LASC Court entered its Order approving the Stipulation. | • [*See* Exhibit 6; Chen Declaration paragraph 17.] |
| 17. As further required by the LASC's order, ACIC promptly satisfied the Bond Judgment and tendered payment to Hatch for the same. | • [*See* Exhibit 7; Chen Declaration paragraph 18.] |
| 18. After satisfying the Bond Judgment, ACIC filed Motions for Judgment against Debtor in both the LASC Probate and Guardianship Cases (collectively "Motions"). A hearing was held on ACIC's Motions and for good cause appearing therefor, on July 8, 2010, the LASC entered Judgments against the Debtor and in favor of ACIC in the amounts of $50,572.10 and $45,572.10 for Debtor's breach of fiduciary duties to the Guardianship Estates and Probate Estate, respectively ("LASC Judgment"). | • [*See* Exhibit 8; Chen Declaration paragraph 19.] |
| 19. Because of Defendant's defalcations of her fiduciary duties as determined by the LASC, ACIC has also incurred necessary costs and expenses in collection of the Judgment. | • [*See* Exhibit 9; Isaacson Declaration paragraph 3.] |

## **CONCLUSIONS OF LAW**

| **CONCLUSIONS OF LAW** | **SUPPORTING EVIDENCE** |
|---|---|
| 1. This Court has jurisdiction over this adversary proceeding. | • 28 U.S.C. §§ 151, 157, 1334. |
| 2. Venue in this Court is proper. | • 28 U.S.C. § 1409 |
| 3. This adversary proceeding is a core proceeding. | • 28 U.S.C. § 157(b)(2)(P). |
| 4. ACIC filed its Complaint in this adversary proceeding on June 11, 2012. The filing of this Motion is more than 20 days later, thereby satisfying the first prong of Federal Rules of Bankruptcy Procedure ("FRBP") 7056(a). | • FRBP 7056(a) |

Pagter and Miller
525 N Cabrillo Pk Dr
Suite 104
Santa Ana, CA
92701
(714) 541-6072

5

c:\documents and settings\pennington\local settings\temp\order#217004#c2225909-afec-4fca-83a6-1f24728d1100.docx

| | |
|---|---|
| 5. A preponderance of the evidence is the standard of proof in actions to determine dischargeability of debt pursuant to 11 U.S.C. '523(a). | • *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (hereinafter "Grogan Case"). |
| 6. The doctrine of collateral estoppel applies to non-dischargeability matters. | • *Grogan* Case. |
| 7. Whether a relationship is a ">fiduciary"= one within the meaning of section 523(a)(4) is a question of federal law. | • *In re Lewis*, 97 F.3d 1182 (9th Cir. 1996) (hereinafter "Lewis Case"). |
| 8. A fiduciary relationship imposed by statute may cause a person to be considered a fiduciary under 11 U.S.C. § 523(a)(4) if the statute: (1) defines the trust res; (2) identifies the fiduciary's fund management duties; and (3) imposes obligations on the fiduciary prior to the alleged wrongdoing. | • *In re Starzer*, 331 B.R. 444, 446 (Bankr. E.D. Cal 2005) (hereinafter "Starzer Case") |
| 9. The property of the decedent, Efren Dorado's Probate Estate ("Probate Estate") was defined by and subject to administration under the California Probate Code. | • California Probate Code 62 and 7601. |
| 10. The Defendant's duties as the Administrator of the Probate and Guardianship Estates were outlined in the California Probate Code. | • California Probate Code 9600 |
| 11. The provisions of the California Probate Code were invoked by the Defendant's Appointment as the Probate Estate Administrator on March 20, 2007, prior to any wrongdoing that resulted in the Stipulated Surcharge Judgments. | • California Probate Code 9601 |
| 12. The Defendant was a fiduciary within the meaning of 11 U.S.C. § 523(a)(4). | • Lewis Case<br>• Starzer Case |
| 13. The Defendant's breach of fiduciary duties to the Probate and Guardianship Estates, even if innocent, constitute a defalcation. | • Lewis Case |
| 14. The Defendants defalcations fall well within the broad definition of 11 U.S.C. | • Grogan Case<br>• Lewis Case |

Pagter and Miller
525 N Cabrillo Pk Dr
Suite 104
Santa Ana, CA
92701
(714) 541-6072

c:\documents and settings\pennington\local settings\temp\order#217004#c2225909-afec-4fca-83a6-1f24728d1100.docx

| § 523(a)(4) and are not dischargeable. | • Starzer Case |
|---|---|

Dated:  April 3, 2013

PAGTER AND MILLER
/s/ Misty Perry Isaacson
_____
Misty Perry Isaacson, Attorneys for American Contractors Indemnity Company

### 

Date: September 18, 2013

Thomas B. Donovan
United States Bankruptcy Judge

Pagter and Miller
525 N Cabrillo Pk Dr
Suite 104
Santa Ana, CA
92701
(714) 541-6072

7

c:\documents and settings\pennington\local settings\temp\order#217004#c2225909-afec-4fca-83a6-1f24728d1100.docx

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT MARIA DORADO** was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner stated below:

**1.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) **09/11/13**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- **Wesley H Avery (TR)**    wamiracle6@yahoo.com, jmoattrustee@gmail.com;C117@ecfcbis.com
- **R G Pagter**    gibson@pagterandmiller.com, pandm@pagterandmiller.com;pagterandmiller@yahoo.com
- **Misty A Perry Isaacson**    misty@pagterandmiller.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.    SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

**Alan Ross**
316 W 2nd St #1002
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.    TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

Pagter and Miller
525 N Cabrillo Pk Dr
Suite 104
Santa Ana, CA
92701
(714) 541-6072

8

c:\documents and settings\pennington\local settings\temp\order#217004#c2225909-afec-4fca-83a6-1f24728d1100.docx